Heidi McIntosh (Colorado Bar No. 48230) *(Admitted Pro Hac Vice)*
Stuart C. Gillespie (Colorado Bar No. 42861) *(Admitted Pro Hac Vice)*
Thomas Delehanty (Colorado Bar No. 51887) *(Admitted Pro Hac Vice)*
Earthjustice, Rocky Mountain Office
633 17th Street, Suite 1600
Denver, CO 80202
T: 303-996-9621
F: 303-623-8083
hmcintosh@earthjustice.org
sgillespie@earthjustice.org
tdelehanty@earthjustice.org

*Counsel for Plaintiffs Center for Biological
Diversity, Maricopa Audubon Society,
and Sierra Club*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity, Maricopa Audubon Society, and Sierra Club,<br><br>　　　　　　　Plaintiffs;<br>　v.<br><br>David Bernhardt, in his official capacity as Secretary of the Interior; United States Fish and Wildlife Service; Aurelia Skipwith, in her official capacity as the Director of FWS; Amy Lueders, in her official capacity as Regional Director of the FWS Southwest Region; Mark Esper, in his official capacity as Secretary of Defense; Ryan D. McCarthy, in his official capacity as Secretary of the Army; and Major General Laura A. Potter, in her official capacity as the Senior Commander of Fort Huachuca,<br><br>　　　　　　　Defendants. | Case No. 4:20-cv-00106-RCC<br><br>Judge: Raner C. Collins<br><br>**JOINT CASE MANAGEMENT PLAN** |

Pursuant to Federal Rule of Civil Procedure 16, the parties submit this joint case management report.

1. <u>The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report</u>. As a case brought under the Administrative Procedure Act (APA), 5 U.S.C. § 706—and for which, with certain exceptions recognized in case law, judicial review is based upon an administrative record—this case is exempt from the meet and confer requirements of Rule 26(f). *See* Fed. R. Civ. P. 26(f) (referencing those cases exempted from initial disclosures under Rule 26(a)(1)(B)). The parties nonetheless met and conferred for purposes of developing this report.

2. <u>A list of the parties in the case, including any parent corporations or entities</u>. Plaintiffs are the Center for Biological Diversity, Maricopa Audubon Society, and the Sierra Club. Federal Defendants are David Bernhardt, in his official capacity as Secretary of the Interior; United States Fish and Wildlife Service (FWS); Aurelia Skipwith, in her official capacity as the Director of FWS; Amy Lueders, in her official capacity as Regional Director of the FWS Southwest Region; Mark Esper, in his official capacity as Secretary of Defense; Ryan D. McCarthy, in his official capacity as Secretary of the Army; and Major General Laura A. Potter, in her official capacity as the Senior Commander of Fort Huachuca.

3. <u>A short statement of the nature of the case.</u> This case challenges whether the U.S. Army and FWS complied with the Endangered Species Act (ESA) regarding operations at Fort Huachuca, a U.S. Army base near Sierra Vista, Arizona. Groundwater pumping is a significant water source for the Fort. Groundwater pumping impacts the upper San Pedro River, including at least four threatened and endangered species. In an effort to address these impacts, the FWS undertook formal consultation with the Fort pursuant to the ESA, and issued a Biological Opinion (BiOp) completing the consultation on May 16, 2014.

Plaintiffs allege that the BiOp violates the ESA and was arbitrary and capricious under the APA. Accordingly, Plaintiffs ask the Court to vacate the BiOp and order FWS

to reinitiate and complete formal consultation with the Army in compliance with the ESA. Plaintiffs also seek declaratory judgment that the Army's reliance on the flawed BiOp violates its independent, substantive duty under Section 7 of the ESA, and is arbitrary and capricious under the APA.

4. <u>The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes.</u> Plaintiffs bring this lawsuit pursuant to 5 U.S.C. §§ 701–06 (Administrative Procedure Act) (APA), and 16 U.S.C. § 1540(g) (ESA citizen suit provision). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and *id.* § 2201 (declaratory judgments).

5. <u>Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared.</u> All parties have been served and answered the Amended Complaint.

6. <u>A statement of whether any party expects to add additional parties or to amend pleadings.</u> The parties do not anticipate adding any additional parties or amending the pleadings.

7. <u>A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, 705).</u> The parties agree that this case can be resolved via cross-motions for summary judgment, *see, e.g., Ctr. for Biological Diversity v. Salazar*, 804 F. Supp. 2d 987, 996 (D. Ariz. 2011), and set forth a schedule for those motions in Paragraph 16 below. The cross-motions would brief the merits of the case: whether the Army and FWS acted arbitrarily, capriciously, or contrary to law. In addition, prior to summary judgment briefing, the parties have included a deadline by which Plaintiffs would file any motion to complete and/or supplement the administrative record or for the Court to consider extra-record evidence on the merits. Any such motion would focus on the adequacy of the administrative records and whether it is appropriate for the Court to order the Army or FWS to add documents to their records, or for the Court to consider

evidence outside of the administrative records in reviewing the cross-motions for summary judgment.

8. <u>Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference or trial</u>. The parties do not believe the case is suitable for reference to a Magistrate Judge.

9. <u>The status of any related case pending before another court or another judge of the Arizona District Court</u>. The parties are not aware of any related cases.

10. <u>A discussion of any issues relating to the preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced, *see* Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 26(f)(3)</u>. Plaintiffs' position is that extra-record discovery may be appropriate in this case given the nature of the claims at issue under the Administrative Procedure Act and ESA. The administrative records will contain a certification from an agency official that the documents contained therein constitute the entire administrative record. There is therefore no need for an order regarding preservation of ESI. Nonetheless, Plaintiffs and Defendants have taken and will continue to take steps to ensure that potentially relevant electronic and other documents are not subject to destruction.

11. <u>A discussion of any issues relating to claims or privileges of work product</u>. The parties do not anticipate any issues relating to claims or privileges of work product. To the extent there are disputes over redactions or documents not included in the administrative record(s) on the basis of the work product protection or any privilege, the parties would attempt to resolve those disputes as part of their informal dispute resolution of any record issues. Should those disputes remain unresolved, the issue(s) would be raised as part of Plaintiffs' motion to supplement the record or for the Court to consider extra-record evidence.

12. <u>A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case</u>. If discovery is warranted, the parties will meet and confer about whether an order under Rule 502(d) is necessary at that point.

13. <u>A discussion of the parties' compliance, to date, with the MIDP</u>. Absent any applicable statutory or case law exception, judicial review here would be based upon an administrative record. This case is therefore exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B(i) and the MIDP does not apply.

14. <u>A discussion of any necessary discovery</u>. Plaintiffs' position is that where plaintiffs bring a lawsuit under the ESA's citizen-suit provision, as is the case here, they are entitled to seek extra-record discovery relevant to their ESA claims. Plaintiffs will assess the need for discovery, once the Federal Defendants have lodged the full administrative records and the Court has resolved any motions to complete and/or supplement the administrative records. Defendants' position is that that this is an action for review on the agencies' administrative record and no discovery is or will be appropriate. In the event the Court permits discovery, Defendants reserve the right to request discovery into any extra-record evidence proffered by Plaintiffs.

15. <u>A statement of when each party served their MIDP responses</u>. The parties have not exchange MIDP responses at this time and are awaiting Federal Defendants' lodging of the administrative records, as detailed below.

16. <u>Proposed schedule</u>. The parties propose a schedule for motions practice regarding the sufficiency of the Administrative Record, followed by cross-motions for summary judgment. Due to the complex and numerous set of issues, the parties request an appropriate set of word/page limits to their respective merits briefs. The parties propose that merits briefing limits in this case be set to correspond roughly to those in the local rules of Ninth Circuit Court of Appeals and propose the word limits below, as identified for each brief (excluding case caption, table of contents and/or authorities, signature block, and certificates).

a. Federal Defendants will certify and lodge the Army's administrative record on or before **September 15, 2020**. Federal Defendants will certify and lodge the FWS's administrative record on or before **September 30, 2020**.

b. In place of filing the contents of the agencies' administrative records via ECF, Federal Defendants propose that they shall electronically file via ECF, on the applicable deadline, a notice with indices of the contents of each agency's separate administrative record, and declarations certifying the documents as the administrative record(s). Additionally, Federal Defendants would conventionally file the administrative records with the Court Clerk in searchable electronic format by providing portable USB drives (or DVD) containing the administrative records in PDF file format, and including an additional courtesy copy for Chambers.

c. <u>Motions to Supplement the Record or for Extra-Record Evidence</u>. The parties will endeavor to informally resolve any issues and disputes regarding the administrative records among themselves.

    i. If informal resolution efforts are not successful, Plaintiffs will have until **October 28, 2020**, to file any motion to supplement or complete the administrative record(s) and/or motion for the Court to consider extra-record evidence on the merits. On the same date, Plaintiffs will disclose any extra-record materials required by Federal Rule of Civil Procedure 26(a)(1)(A) or 26(a)(2), unless such materials are otherwise put at issue in a motion to supplement or complete the agencies' administrative record(s).

    ii. Federal Defendants shall respond to the motion on or before **November 18, 2020**.

    iii. Plaintiffs shall reply on or before **December 2, 2020**.

  iv. If Plaintiffs file a motion to complete or supplement the record, the parties will meet and confer by **November 12, 2020**, to discuss the merits briefing schedule set forth below. Furthermore, if Plaintiffs file a motion to complete or supplement the record, any party may file a motion to stay summary judgment briefing. Federal Defendants also reserve the right to file a motion to strike or preclude the submission of material not contained in the Administrative Record.

 d. <u>Merits Briefing and Word Limits</u>

  i. Plaintiffs shall file their opening motion for summary judgment on or before **November 13, 2020**. The brief shall be no more than 14,000 words.

  ii. Federal Defendants shall file their cross-motion for summary judgment on or before **January 13, 2020**. The brief shall be no more than 14,000 words.

  iii. Plaintiffs shall file their combined response/reply by **February 17, 2020**. The brief shall be limited to 10,000 words.

  iv. Federal Defendants shall file their reply by **March 24, 2020**. Their brief shall be limited to 10,000 words.

17. <u>Whether a jury trial has been requested and whether the request for jury trial is contested</u>. The parties believe the case can be resolved on cross-motions for summary judgment without the need for a trial.

18. <u>The prospects for settlement, including any request of the Court for assistance in settlement efforts</u>. Currently, the parties do not believe the case lends itself to settlement.

19. <u>Any other matters that will aid the Court and the parties in a speedy, just, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure</u>. Plaintiffs anticipate requesting oral argument on the cross-motions for summary judgment and will do so in the caption of the motion. Defendants are presently planning to reinitiate interagency consultation under Endangered Species Act Section 7, and have scheduled that consultation to occur in 2022. As those activities proceed and warrant, Defendants may move the Court to stay, remand, or dismiss this action based on that parallel administrative proceeding. Plaintiffs object to a stay, remand, or dismissal because Federal Defendants continue to rely on the fatally flawed BiOp challenged here. Furthermore, juridical review is essential to ensure that any future consultation does not suffer from the same flaws as the BiOp at issue here.

Respectfully submitted this 14th day of August, 2020,

*/s/ Stuart Gillespie*
Stuart C. Gillespie
Heidi McIntosh
Thomas Delehanty
Earthjustice, Rocky Mountain Office
633 17th Street, Suite 1600
Denver, CO 80202
T: 303-996-9616
F: 720-550-5757
sgillespie@earthjustice.org
hmcintosh@earthjustice.org
tdelehanty@earthjustice.org

*Counsel for Plaintiffs Center for Biological Diversity, Maricopa Audubon Society, and Sierra Club*

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ John H. Martin*
JOHN H. MARTIN, Trial Attorney
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel. 303.844.1383
john.h.martin@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2020, a true and correct copy of the foregoing **JOINT CASE MANAGEMENT PLAN** was filed via CM/ECF Filing System upon the parties of record.

*/s/ Stuart Gillespie*
Stuart Gillespie